UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS PEREZ** | **CIVIL ACTION** |
| **versus** | **NO. 12-1239** |
| **JAMES LEBLANC** | **SECTION: "E" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Carlos Perez, is a state prisoner incarcerated at the Caldwell Detention Center, Grayson, Louisiana. On April 30, 2008, he pleaded guilty to possession of over four hundred grams of cocaine under Louisiana law. On that same date, he also pleaded guilty to being a second offender and was sentenced as such to a term of fifteen years imprisonment without benefit of probation or suspension of sentence.[1]

---

[1] State Rec., Vol. I of II, transcript of April 30, 2008; State Rec., Vol. I of II, plea forms.

On or before May 28, 2008, petitioner filed with the state district court a motion for reconsideration of sentence.[2] That motion was denied on June 16, 2008.[3]

On April 29, 2010, petitioner, through counsel, filed a motion to withdraw his guilty plea.[4] That motion was denied on August 6, 2010.[5] Petitioner's related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on October 6, 2010,[6] and by the Louisiana Supreme Court on April 25, 2011.[7]

On or about April 13, 2012, petitioner filed the instant federal application for *habeas corpus* relief claiming that his guilty pleas were involuntary.[8] The state has filed a response arguing that the federal application was untimely.[9] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[2] State Rec., Vol. I of II.

[3] State Rec., Vol. I of II, Order dated June 16, 2008.

[4] State Rec., Vol. I of II.

[5] State Rec., Vol. II of II, transcript of August 6, 2010, p. 11; State Rec., Vol. I of II, minute entry dated August 6, 2010.

[6] State v. Perez, No. 10-KH-766 (La. App. 5th Cir. Oct. 6, 2010); State Rec., Vol. I of II.

[7] State v. Perez, 62 So.3d 82 (La. 2011) (No. 2010-KP-2488); State Rec., Vol. II of II.

[8] Rec. Doc. 3.

[9] Rec. Doc. 10.

underlying criminal judgment becomes "final."¹⁰ On that point, the United States Fifth Circuit Court of Appeals has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty on April 30, 2008. Therefore, his state criminal judgment became final for AEDPA purposes no later May 30, 2008, when his time for filing an appeal expired.¹¹ Accordingly, his period for seeking federal *habeas corpus* relief would normally have commenced on that date.

---

¹⁰ Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

¹¹ La. Code Crim. P. art. 914.

However, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Before petitioner's conviction had even become final, he filed a motion for reconsideration of sentence on or before May 28, 2008.[12] That filing therefore tolled the federal limitations period, which then remain tolled until July 16, 2008, when petitioner's time expired for seeking review of the motion's denial.[13]

At that point, the federal limitations period finally commenced, and then it expired one year later on July 16, 2009, unless the period was again tolled. Clearly, petitioner is not entitled to further statutory tolling under § 2244(d)(2), because he had no applications for post-conviction or other collateral review pending at any time during that one-year period.[14]

---

[12] The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Here, that date cannot be gleaned with certainty from the record; however, it was file-stamped by the state court on May 28, 2008.

[13] The motion was denied on June 16, 2008, and petitioner then had thirty days to seek review of that denial by the Louisiana Fifth Circuit Court of Appeal. See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001).

[14] The Court notes that petitioner subsequently filed a motion to withdraw his guilty plea on April 29, 2010. However, an application filed *after* the expiration of the federal statute of limitations has no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

The Court must also consider whether petitioner is entitled to equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 16, 2009. Because his federal application was not filed until on or about April 13, 2012,[15] it is untimely.

---

[15] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). It is unclear from the record when petitioner's first federal application, which was undated, was given to prison authorities; however, it was mailed in an envelope postmarked on April 13, 2012, and it was received by the Court on April 18, 2012. The Clerk of Court informed petitioner that the application was deficient because it was unsigned and because it was unaccompanied by either a filing fee or a pauper application. In response, petitioner then submitted a second application which was signed and dated on April 24, 2012, and received by the Court on April 30, 2012. Those two applications were filed together as Rec. Doc. 3.
 Although the Court is unable to determine the precise date on which petitioner's application was filed, precision is unnecessary here. Regardless of exactly when the application was given to prison authorities in April of 2012, it was clearly "filed" years too late.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Carlos Perez be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this fourth day of September, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.